UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY MILLER,

                Plaintiff,

vs.                                  Case No. 2:06-cv-150-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #20), filed on April 20, 2007, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

As the Report and Recommendation states, Dr. Debra Roggow examined plaintiff and stated on August 27, 2003, that plaintiff had been temporarily totally disabled from April 2, 2003. The Administrative Law Judge (ALJ) considered Dr. Roggow's records, but never addressed or discounted her opinion finding that plaintiff had been temporarily totally disabled as of April 2, 2003. The Report and Recommendation finds that there is an incomplete record regarding plaintiff's disability status, and that the ALJ should have inquired further into Dr. Roggow's opinion to determine the duration of the alleged temporary disability or should have discounted the opinion with evidence from the medical record. The Report and Recommendation recommends that the case be remanded so the Commissioner can articulate the ALJ's reasons for discounting Dr. Roggow's opinion (Doc. #20, p. 24) and for further consideration of Dr. Roggow's opinion (Doc. #20, p. 28). After an

independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #20) is accepted and **adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can conduct further inquiry into Dr. Roggow's opinion to determine the duration of the alleged temporary disability, or articulate reasons to discount the opinion, and to conduct such further proceedings as are necessary to properly resolve the claim.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of May, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge
Counsel of Record